IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CORY LAMAR ELLIS, #205307, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CIVIL ACTION NO. 2:17-CV-53-GMB ) [WO] |
| SGT. LATEMA HARRELL, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Cory Lamar Ellis, a former state inmate. In the instant complaint, Ellis alleges that the defendant correctional officials used excessive force against him on December 24, 2016 while he was confined at the Kilby Correctional Facility.

Pursuant to the orders of this court, the defendants filed a special report supported by relevant evidentiary materials, including affidavits, prison reports and medical records, in which they address Ellis' claim for relief. The reports and evidentiary materials refute the self-serving, conclusory allegations presented by Ellis. Specifically, the defendants assert and the undisputed evidentiary materials indicate that, on the evening of December 24, 2016, Defendant Thomas Kincey observed "Inmate Ellis screaming, hallucinating and acting irate while throwing his hands in the air in an uncontrollable manner." Doc. 18-4 at 2. Kincey called for assistance on his radio and Defendants Latema Harrell and Derrell Brooks responded. Doc. 18-2 at 1. The

correctional officers restrained Ellis, placed him in a wheelchair, and began his transportation to the health care unit for evaluation. During this time, Ellis began to act in an erratic manner and "fell headfirst into the fence." Doc. 18-2 at 2. Under questioning by Defendant Harrell, Ellis advised that he was "high" and feeling "real good." Doc. 18-2 at 2.

Nurse Donja Smith examined Ellis when he arrived at the health care unit. Nurse Smith noted, in relevant part, as follows:

> Mr. Ellis was under the influence of flocka/flakka.[1] When Mr. Ellis was brought into the health care unit, he was stumbling and could not stand up of his own accord.
> Mr. Ellis was screaming out incoherently and was not making any sense. . . .
> Mr. Ellis was not responding to the commands of the correctional officers and was very combative.
> Mr. Ellis appeared to be very high on the drugs that he had taken and was not in control of his actions and/or behavior.

Doc. 18-6 at 2 (internal paragraph numbering omitted). The court also notes that the injuries set forth on Ellis' body chart (Doc. 18-11), and in photographs taken of Ellis (Doc. 18-8), are consistent with a fall into a fence, not a beating with night sticks and handcuffs as described by Ellis in the complaint.

In light of the foregoing, the court issued an order directing Ellis to file a response to the defendants' written report. Doc. 19. The order advised Ellis that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 19 at 1.

---

[1] "Flakka [or flocka] is just a newer-generation of bath salts. Bath salts, in general, are synthetic psychoactive drugs made in large quantities in foreign drug labs. . . . Flakka can cause extreme agitation, jerking muscle movements, delirious thoughts, and often profound paranoia." Doc. 18-7 at 1.

Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 19 at 1. The time allotted to Ellis for filing a response in compliance with this order expired on June 22, 2017. Doc. 26. Ellis has failed to file a response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. System of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, the court finds that the dismissal of this case is the proper course of action. Initially, the court notes that Ellis is an indigent individual and therefore the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Ellis' inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants indicate that no constitutional violation occurred. It therefore appears that any additional effort to secure Ellis' compliance with the court's orders would be unavailing and a waste of this court's scarce resources. Consequently, the court concludes that Ellis' abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

For these reasons, it is ORDERED that this case is DISMISSED without prejudice. It is further ORDERED that no costs are taxed herein.

A separate Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

DONE this 20th day of July, 2017.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE